Andrew R. McCloskey, State Bar No. 179511
E-Mail: amccloskey@rmwllp.com
Michael Drury, State Bar No. 177993
E-Mail: mdrury@rmwllp.com
Jeffrey N. Labovitch, State Bar No. 221934
E-Mail: jlabovitch@rmwllp.com
RIEDL, McCLOSKEY & WARING LLP
550 West C Street, Suite 500
San Diego, California 92101
Telephone No.: 619.237.3095
Fax No.: 619.237.3789

Attorneys for Defendant ST. PAUL FIRE
AND MARINE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MANZAREK, an individual; and DOORS TOURING, INC., a California corporation,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation; and DOES 1 through 10,<br><br>　　　　　　Defendants. | Case No. CV06-2082 R (JCx)<br><br>**DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL<br><br>Courtroom: 8<br>Judge:　　Hon. Manuel L. Real |

///

///

///

DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY ("St. Paul"), for itself and no others, answers the Second Amended Complaint (the "Complaint") filed herein by plaintiffs Raymond Manzarek ("Manzarek") and Doors Touring, Inc. ("DTI") as follows. Except as so admitted below, Defendant denies each and every allegation contained in the Complaint.

## I. NATURE OF THE ACTION

1. Answering paragraph 1 of the Complaint, Defendant admits that the action arises out of insurance issues raised by litigation between former members of the rock group The Doors. Defendant lacks sufficient knowledge or information to admit or deny the truth or falsity of the remaining allegations.

2. Answering paragraph 2 of the Complaint, Defendant admits the existence of the lawsuit filed by John Densmore (the "Densmore Lawsuit") but denies Plaintiffs' characterization of the allegations in the Densmore Lawsuit. The allegations in the Densmore Lawsuit speak for themselves. Defendant denies each and every remaining allegation contained in the said paragraph.

3. Answering Paragraph 3 of the Complaint, Defendant admits the existence of the lawsuit filed by the estate of Jim Morrison, and the estate of his wife, Pamela Courson (the "Courson Lawsuit"), but denies Plaintiffs' characterization of the allegations in the Courson Lawsuit. The allegations in the Courson Lawsuit speak for themselves. Defendant denies each and every remaining allegation contained in the said paragraph.

4. Answering Paragraph 4 of the Complaint, Defendant admits that it sold to Plaintiffs commercial general liability policies and was notified of the underlying lawsuits. Defendant denies each and every remaining allegation contained in the said paragraph.

5. Answering Paragraph 5 of the Complaint, Defendant denies each and every allegation contained therein.

///

6.  Answering Paragraph 6 of the Complaint, Defendant denies each and every allegation contained therein.

7.  Answering Paragraph 7 of the Complaint, Defendant denies each and every allegation contained therein.

## II.   THE PARTIES

8.  Answering Paragraph 8 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the truth or falsity of the facts contained therein.

9.  Answering Paragraph 9 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the truth or falsity of the facts contained therein.

10. Answering Paragraph 10 of the Complaint, Defendant admits that it is a Minnesota corporation authorized to transact, and transacting, business in the State of California and the County of Los Angeles.

11. Answering Paragraph 11 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the truth or falsity of the facts contained therein.

## III.   THE INSURANCE POLICIES

12. Answering Paragraph 12 of the Complaint, Defendant admits that from May 24, 2002 to May 24, 2003, St. Paul insured Manzarek under commercial general liability policy CK04506093 (the "Manzarek Policy").  Defendant also admits that from December 30, 2002 to December 30, 2003, St. Paul insured Manzarek and DTI under commercial general liability policy CK04507072 (the "DTI Policy").  However, Defendant denies Plaintiffs' characterization of the insurance coverage provided by the Manzarek Policy and the DTI Policy (collectively referred to as the "St. Paul Policies").  The St. Paul Policies speak for themselves.  Defendant denies each and every remaining allegation contained in the said paragraph.

1  13. Answering Paragraph 13 of the Complaint, Defendant admits that it sold to Plaintiffs commercial general liability policies, but denies Plaintiffs characterization of the insurance coverage provided by the Manzarek Policy and the DTI Policy.  The St. Paul Policies speak for themselves.

14. Answering Paragraph 14 of the Complaint, Defendant admits that the Manzarek Policy was effective beginning on May 24, 2002.  Defendant lacks sufficient knowledge or information to admit or deny the truth or falsity of the remaining facts contained in the said paragraph.

15. Answering Paragraph 15 of the Complaint, Defendant admits that the Doors Touring Policy was effective beginning on December 30, 2002.  Defendant lacks sufficient knowledge or information to admit or deny the truth or falsity of the remaining facts contained in the said paragraph.

16. Answering Paragraph 16 of the Complaint, Defendant denies Plaintiffs' characterization of the quoted policy language and St. Paul's obligations thereunder.  The St. Paul Policies speak for themselves.  Defendant admits that the St. Paul Policies include the quoted language contained in the said paragraph.  Defendant denies each and every remaining allegation contained in the said paragraph.

17. Answering Paragraph 17 of the Complaint, Defendant admits that the St. Paul Policies include the quoted language.

18. Answering Paragraph 18 of the Complaint, Defendant admits that the St. Paul Policies include the quoted language.

19. Answering Paragraph 19 of the Complaint, Defendant admits that the St. Paul Policies include the quoted language.

20. Answering Paragraph 20 of the Complaint, Defendant admits that the St. Paul Policies include the quoted language.

21. Answering Paragraph 21 of the Complaint, Defendant admits that the St. Paul Policies include the quoted language.

///

22. Answering Paragraph 22 of the Complaint, Defendant admits that the St. Paul Policies include the quoted language.

23. Answering Paragraph 23 of the Complaint, Defendant denies Plaintiffs' characterization of the quoted policy language and St. Paul's obligations thereunder. The St. Paul Policies speak for themselves. Defendant admits that the St. Paul Policies include the quoted language. Defendant denies each and every remaining allegation contained in the said paragraph.

24. Answering Paragraph 24 of the Complaint, Defendant denies Plaintiffs' characterization of the quoted policy language and St. Paul's obligations thereunder. The St. Paul Policies speak for themselves. Defendant admits that the St. Paul Policies include the quoted language. Defendant denies each and every remaining allegation contained in the said paragraph.

25. Answering Paragraph 25 of the Complaint, Defendant denies Plaintiffs' characterization of the quoted policy language and St. Paul's obligations thereunder. The St. Paul Policies speak for themselves. Defendant admits that the St. Paul Policies include the quoted language. Defendant denies each and every remaining allegation contained in the said paragraph.

26. Answering Paragraph 26 of the Complaint, Defendant admits that the St. Paul Policies include the quoted language.

27. Answering Paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

28. Answering Paragraph 28 of the Complaint, Defendant denies each and every allegation contained therein.

### IV.   THE DENSMORE LAWSUIT

29. Answering Paragraph 29 of the Complaint, Defendant admits that the Densmore Lawsuit was filed on or about February 4, 2003 and that a Second Amended Complaint was filed on or about July 31, 2003. Defendant denies Plaintiffs' characterization of the allegations in the Densmore Lawsuit. The

allegations in the Densmore Lawsuit speak for themselves.  Defendant denies each and every remaining allegation contained in the said paragraph.

30.  Answering Paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein and denies Plaintiffs' characterization of the allegations in the Densmore Lawsuit.  The allegations in the Densmore Lawsuit speak for themselves.

31.  Answering Paragraph 31 of the Complaint, Defendant admits that it received notice of the Densmore lawsuit and admits that it was requested to provide coverage to Plaintiffs.  Defendant denies each and every remaining allegation contained in the said paragraph.

32.  Answering Paragraph 32 of the Complaint, Defendant admits to sending a February 18, 2003 letter to Plaintiffs' representatives but denies the characterizations of that letter.  Defendant denies each and every remaining allegation contained in the said paragraph.

33.  Answering Paragraph 33 of the Complaint, Defendant admits to receiving a February 28, 2003 letter from Plaintiffs' representatives but denies the characterizations of that letter.  The February 28, 2003 letter speaks for itself.  Defendant denies each and every remaining allegation contained in the said paragraph.

34.  Answering Paragraph 34 of the Complaint, Defendant admits to sending a March 5, 2003 letter to Plaintiffs' representatives but denies the characterizations of that letter.  The March 5, 2003 letter speaks for itself.  Defendant denies each and every remaining allegation contained in the said paragraph.

35.  Answering Paragraph 35 of the Complaint, Defendant admits to receiving a March 12, 2003 letter from Plaintiffs' representatives but denies the characterizations of that letter.  The March 12, 2003 letter speaks for itself.  Defendant denies each and every remaining allegation contained in the said paragraph.

36. Answering Paragraph 36 of the Complaint, Defendant admits to sending two March 19, 2003 letters to Plaintiffs' representatives but denies the characterizations those letters. The March 19, 2003 letters speak for themselves. Defendant denies each and every remaining allegation contained in the said paragraph.

37. Answering Paragraph 37 of the Complaint, Defendant admits to receiving an April 3, 2003 letter from Plaintiffs' representatives but denies the characterizations of that letter. The April 3, 2003 letter speaks for itself. Defendant denies each and every remaining allegation contained in the said paragraph.

## V.   THE COURSON LAWSUIT

38. Answering Paragraph 38 of the Complaint, Defendant admits that the Courson Lawsuit was filed on or about April 23, 2003 and that a Second Amended Complaint was filed on or about March 2, 2004. Defendant denies Plaintiffs' characterization of the allegations in the Courson Lawsuit. The allegations in the Courson Lawsuit speak for themselves. Defendant denies each and every remaining allegation contained in the said paragraph.

39. Answering Paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein and denies Plaintiffs' characterization of the allegations in the Courson Lawsuit. The allegations in the Courson Lawsuit speak for themselves.

40. Answering Paragraph 40 of the Complaint, Defendant admits to sending a May 6, 2003 letter to Plaintiffs' representatives acknowledging receipt of the Courson Lawsuit. Defendant denies Plaintiffs characterizations of the contents of that letter. The May 6, 2003 letter speaks for itself. Defendant denies each and every remaining allegation contained in the said paragraph.

41. Answering Paragraph 41 of the Complaint, Defendant admits to receiving a May 22, 2003 letter from Plaintiffs' representatives but denies the

1 | characterizations of that letter. The May 22, 2003 letter speaks for itself. Defendant denies each and every remaining allegation contained in the said paragraph.

42. Answering Paragraph 42 of the Complaint, Defendant admits to sending two August 4, 2003 letters but denies Plaintiffs characterization of the contents of those letters. The August 4, 2003 letters speak for themselves. Defendant denies each and every remaining allegation contained in the said paragraph.

## VI.   ST. PAUL'S BREACHES

43.  Answering Paragraph 43 of the Complaint, Defendant denies each and every allegation contained therein.

44.  Answering Paragraph 44 of the Complaint, Defendant denies each and every allegation contained therein.

45.  Answering Paragraph 45 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the date on which the Densmore Lawsuit and the Courson Lawsuit were consolidated and the date trial commenced. Defendant denies each and every remaining allegation contained in the said paragraph.

46.  Answering Paragraph 46 of the Complaint, Defendant admits to sending a July 8, 2004 letter to Plaintiffs' representatives but denies the characterizations of that letter. The July 8, 2004 letter speaks for itself. Defendant denies each and every remaining allegation contained in the said paragraph.

47.  Answering Paragraph 47 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in the said paragraph.

48.  Answering Paragraph 48 of the Complaint, Defendant admits to receiving a May 4, 2005 letter from Plaintiffs' representatives but denies the characterizations of that letter. The May 4, 2005 letter speaks for itself. Defendant denies each and every remaining allegation contained in the said paragraph.

///

8
ST. PAUL FIRE AND MARINE INS. CO.'S ANSWER TO SECOND AMENDED COMPLAINT

49. Answering Paragraph 49 of the Complaint, Defendant admits that the California Court of Appeal affirmed the trial court's judgments rendered against Manzarek and Doors Touring in the Densmore and Courson lawsuits. Defendant denies Plaintiffs' characterization of the opinion by the California Court of Appeal. The opinion by the California Court of Appeal speaks for itself. Defendant denies each and every remaining allegation contained in the said paragraph.

50. Answering Paragraph 50 of the Complaint, Defendant denies Plaintiffs' characterization of the opinion by the Ninth Circuit Court of Appeals. The opinion by the Ninth Circuit Court of Appeals speaks for itself. Defendant denies each and every remaining allegation contained in the said paragraph.

51. Answering Paragraph 51 of the Complaint, Defendant denies Plaintiffs' characterization of the opinion by the Ninth Circuit Court of Appeals. The opinion by the Ninth Circuit Court of Appeals speaks for itself. Defendant denies each and every remaining allegation contained in the said paragraph.

52. Answering Paragraph 52 of the Complaint, Defendant denies Plaintiffs' characterization of the opinion by the Ninth Circuit Court of Appeals. The opinion by the Ninth Circuit Court of Appeals speaks for itself. Defendant denies each and every remaining allegation contained in the said paragraph.

53. Answering Paragraph 53 of the Complaint, Defendant denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION

**(Breach of Contract Regarding the Duty to Defend Against St. Paul)**

54. Answering Paragraph 54 of the Complaint, Defendants reallege and restate their answers in Paragraphs 1 through 53, inclusively, of the Complaint as set forth hereinbefore and fully incorporate same herein by this reference.

55. Answering Paragraph 55 of the Complaint, Defendant denies Plaintiffs' characterization of the opinion by the Ninth Circuit Court of Appeals. The opinion

1  by the Ninth Circuit Court of Appeals speaks for itself.  Defendant denies each and
2  every remaining allegation contained in the said paragraph.

3      56.  Answering Paragraph 56 of the Complaint, Defendant denies each and
4  every allegation contained therein.

5      57.  Answering Paragraph 57 of the Complaint, Defendant denies each and
6  every allegation contained therein.

7      58.  Answering Paragraph 58 of the Complaint, Defendant denies each and
8  every allegation contained therein.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing Against St. Paul)

12      59. Answering Paragraph 59 of the Complaint, Defendants reallege and
13  restate their answers in Paragraphs 1 through 58, inclusively, of the Complaint as set
14  forth hereinbefore and fully incorporate same herein by this reference.

15      60. Answering Paragraph 60 of the Complaint and subparagraphs a through i
16  of Paragraph 60, Defendant denies each and every allegation contained therein.

17      61. Answering Paragraph 61 of the Complaint, Defendant denies each and
18  every allegation contained therein.

19      62. Answering Paragraph 62 of the Complaint, Defendant denies each and
20  every allegation contained therein.

21      63. Answering Paragraph 63 of the Complaint, Defendant denies each and
22  every allegation contained therein.

23      64. Answering Paragraph 64 of the Complaint, Defendant denies each and
24  every allegation contained therein.

25  ///
26  ///
27  ///
28  ///

## THIRD CAUSE OF ACTION

### (Declaratory Relief Regarding the Duty to Indemnify by Manzarek Against St. Paul)

65. Answering Paragraph 65 of the Complaint, Defendants reallege and restate their answers in Paragraphs 1 through 64, inclusively, of the Complaint as set forth hereinbefore and fully incorporate same herein by this reference.

66. Answering Paragraph 66 of the Complaint, Defendant denies each and every allegation contained therein.

67. Answering Paragraph 67 of the Complaint, Defendant denies each and every allegation contained therein.

68. Answering Paragraph 68 of the Complaint, Defendant denies each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief Against Does 1 through 10)

69. Answering Paragraph 69 of the Complaint, Defendants reallege and restate their answers in Paragraphs 1 through 68, inclusively, of the Complaint as set forth hereinbefore and fully incorporate same herein by this reference.

70. Answering Paragraph 70 of the Complaint, Defendant denies each and every allegation contained therein.

71. Answering Paragraph 71 of the Complaint, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiffs' alleged claims for relief, defendant St. Paul alleges as follows:

### First Affirmative Defense

Plaintiffs' claims for relief, and each of them, fail to state a claim upon which relief can be granted.

///

## Second Affirmative Defense

Defendant denies that there is an actual and justiciable claim or controversy between Plaintiffs and Defendant.

## Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the limits of liability, endorsements, exclusions, policy terms and other conditions of the policies issued by Defendant and at issue in this action (hereinafter the "St. Paul Policies").

## Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to allege facts sufficient to trigger coverage under the St. Paul Policies.

## Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to fulfill all conditions precedent to coverage under the St. Paul Policies.

## Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the alleged circumstances for which Plaintiffs seek coverage do not constitute an "Event" as that term is defined under the St. Paul Policies.

## Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the alleged circumstances for which Plaintiffs seek coverage do not constitute claims for "bodily injury," "personal injury," or "property damage" as those terms are defined under the St. Paul Policies.

## Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the alleged circumstances for which Plaintiffs seek coverage do not constitute claims for "advertising injury" as that term is defined under the St. Paul Policies.

///

///

### Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the alleged circumstances for which Plaintiffs seek coverage do not constitute claims for any form of damage or damages as may be necessary for coverage under the St. Paul Policies.

### Tenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs did not satisfy and/or failed to comply with all of the terms, conditions and provisions and/or failed to perform all of their obligations under the St. Paul Policies.

### Eleventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to assist and/or cooperate with St. Paul as required by the St. Paul Policies or by law.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the injuries and/or damages asserted in the Courson Lawsuit and the Densmore Lawsuit were expected or intended from the standpoint of the Plaintiffs.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by operation of the voluntary payments provision included in the St. Paul Policies to the extent Plaintiffs assumed a financial obligation and/or paid out money without Defendant's consent.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of *laches*, unclean hands, waiver and/or estoppel.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the alleged damages asserted in the Courson Lawsuit and the Densmore Lawsuit arose from circumstances, injury, damage and/or loss that did not take place during the policy

periods of the St. Paul Policies.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek coverage for fines, penalties or punitive or exemplary damages.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the alleged circumstances for which Plaintiffs seek coverage were based upon or attributable to Plaintiffs' willful or deliberate noncompliance with any statute, regulation, ordinance or instruction of any government body or public policies.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to mitigate, minimize or avoid some or all of their alleged injury or damage.

### Nineteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs, or their predecessors, affiliates, agents, brokers or other representatives intentionally or unintentionally failed to disclose, concealed, omitted, or misrepresented facts material to the risks at issue in this litigation to Defendant.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek coverage for a known loss or non-contingent event that is not insured or insurable.

### Twenty-First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that any alleged losses suffered by Plaintiffs arose from willful acts or omissions.

### Twenty-Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were not legally required to pay damages because of "bodily injury," "property damage" or "advertising injury" nor did they pay any damages because of "bodily injury," "property damage" or "advertising injury" as those terms are defined in the St. Paul

Policies.

### Twenty-Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Defendant had no indemnity obligation as a result of the Densmore Lawsuit or the Courson Lawsuit.

### Twenty-Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to give Defendant timely, sufficient and appropriate notice of the Courson Lawsuit and the Densmore Lawsuit as required by the St. Paul Policies.

### Twenty-Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by operation of the "Other Insurance" Section in the St. Paul Policies.

### Twenty-Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek coverage for a loss-in-progress prior to the effective date of the St. Paul Policies.

### Twenty-Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs' claims are barred by the applicable statute of limitations.

### Twenty-Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the circumstances giving rise to the claims for which Plaintiffs seek coverage were not fortuitous.

### Twenty-Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek an advisory opinion.

### Thirtieth Affirmative Defense

Plaintiffs' claims related to the costs of defending the Densmore Lawsuit and the Courson Lawsuit are barred to the extent Defendant had no duty to defend the Plaintiffs under the terms, limitations, definitions, conditions and exclusions of the

policies allegedly issued by Defendants.

### Thirty-First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the Field of Entertainment Limitation Endorsement included in the St. Paul Policies.

### Thirty-Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs do not qualify as an insured or additional insured under the St. Paul Policies.

### Thirty-Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs' liability in the Densmore Lawsuit and the Courson Lawsuit was assumed under a contract or agreement.

### Thirty-Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the Plaintiffs have not suffered any damages.

### Thirty-Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the Defendants have acted reasonably and with proper cause in dealing with Plaintiffs.

### Thirty-Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by application of the "Genuine Dispute" doctrine under California law.

### Thirty-Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the Densmore Lawsuit and the Courson Lawsuit seek equitable and/or injunctive relief which do not qualify as damages covered under the St. Paul Policies.

### Thirty-Eighth Affirmative Defense

Plaintiffs' Complaint does not describe the claims for which Plaintiffs seek a determination of coverage against St. Paul with sufficient particularity to enable St. Paul to determine what defenses (including defenses based upon the terms,

conditions, exclusions or endorsements to the St. Paul Policies) it may have in response to Plaintiffs' Complaint. St. Paul therefore reserves the right to assert all defenses pertinent to Plaintiffs' claims once the precise nature of the claims is ascertained through discovery, including, but not limited to, any defenses applicable to the St. Paul Policies or other policies not identified in the Complaint.

WHEREFORE, St. Paul prays that judgment be entered against Plaintiffs Manzarek and DTI as follows:

a. Dismissing the Complaint with prejudice;

b. Declaring that St. Paul has no obligation to contribute to any defense costs incurred by Plaintiffs in the Densmore Lawsuit and the Courson Lawsuit;

c. Declaring that St. Paul has not obligation to indemnify Plaintiffs with respect to their liability in the Densmore Lawsuit and the Courson Lawsuit;

d. Declaring that, if St. Paul has any obligation to Plaintiffs, such obligation arises out of and is limited by and subject to the terms, condition, exclusions, limits of liability and other provisions contained in or incorporated into the St. Paul Policies;

e. Awarding to St. Paul any recoverable costs of this action, including reasonable attorneys' fees; and

f. Awarding such other and further relief that this Court deems just and proper.

DATED: August 12, 2008          RIEDL, McCLOSKEY & WARING LLP

                                By: */s/ Andrew R. McCloskey*
                                    Andrew R. McCloskey
                                    Michael Drury
                                    Jeffrey N. Labovitch
                                    Attorneys for Defendant
                                    ST. PAUL FIRE AND MARINE
                                    INSURANCE COMPANY

## DEMAND FOR JURY TRIAL

Defendant St. Paul Fire and Marine Insurance Company hereby exercises its rights to a jury trial under the Seventh Amendment to the United States Constitution, as provided by Rule 38(a) of the Federal Rules of Civil Procedure, on the Complaint, and hereby demands a jury trial in accordance therewith.

DATED: August 12, 2008                    RIEDL, McCLOSKEY & WARING LLP

By: */s/ Andrew R. McCloskey*
    Andrew R. McCloskey
    Michael Drury
    Jeffrey N. Labovitch
    Attorneys for Defendant
    ST. PAUL FIRE AND MARINE
    INSURANCE COMPANY

ST. PAUL FIRE AND MARINE INS. CO.'S ANSWER TO SECOND AMENDED COMPLAINT

**PROOF OF ELECTRONIC SERVICE**

<u>Raymond Manzarek, et al. v. St. Paul Fire and Marine Insurance Company, et al.</u>

Case No. CV-06-2082 R (JCx)

Judge: Manuel L. Real, Courtroom: 8

I, Nancy A. Teichert, declare as follows:

I am employed with the law firm of Riedl, McCloskey & Waring LLP, whose address is 550 West C Street, Suite 500, San Diego, California 92101.

On August 12, 2008, I served:

Kirk A. Pasich, Esq.
Susan Page White, Esq.
Cassandra S. Franklin, Esq.
Dickstein Shapiro LLP
10866 Wilshire Blvd., Suite 300
Los Angeles, CA 90024

Telephone: (310) 441-8460
Telefax: (310) 441-8470

the following document(s):

**DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**BY ELECTRONIC SERVICE VIA THE CM/ECF SYSTEM:** I attached a true and correct copy of the above-entitled document(s) to the CM/ECF System by electronic transfer for service on all counsel of record by electronic means pursuant to General Order No. 08-02, VII(A). The file transmission was reported as complete and a copy of the Notice of Electronic Filing will be maintained with the document(s) in our office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Diego, California on August 12, 2008.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Nancy A. Teichert*
　　　　　　　　　　　　　　　　　　　　　　　Nancy A. Teichert